UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MEDITERRANEAN MARBLE, INC. | * | |
| | * | |
| Plaintiff, | * | Civil Action No. 09-3434 |
| | * | |
| | * | Judge: Feldman |
| versus | * | |
| | * | Magistrate Judge: Knowles |
| HANOVER INSURANCE COMPANY | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT

**NOW INTO COURT,** through undersigned counsel, comes The Hanover Insurance Company ("Hanover"), defendant herein, which hereby responds to the allegations in Plaintiff Mediterranean Marble, Inc.'s ("Plaintiff") Petition for Declaratory Judgment (the "Petition"), as follows:

1.

Hanover denies the allegations of Paragraph 1 of the Petition, except to admit that it is a corporation that is organized under the laws of New Hampshire, with its principal place of business in Massachusetts, authorized to and doing business in Louisiana and engaged in the business of providing of property and casualty insurance products.

1

2.

In response to the allegations contained in Paragraph 2 of the Petition, Hanover admits that it issued a policy of insurance bearing Policy No. ZHO 2025752 to Plaintiff in effect from May 7, 2002 through May 7, 2007 ("the Policy"), which Policy is subject to the terms, conditions, limitations, and exclusions contained therein, all of which are incorporated herein by reference. Hanover avers the Policy is a written document and is the best evidence of its contents, and any allegations which tend to expand, modify, or vary the terms and conditions of the Policy are expressly denied. Other than as expressly admitted herein, the allegations of Paragraph 2 of the Petition are denied.

3.

Hanover denies the allegations contained in Paragraph 3 of the Petition for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

4.

Hanover denies the allegations contained in Paragraph 4 of the Petition for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

5.

Hanover denies the allegations contained in Paragraph 5 of the Petition for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

6.

Hanover denies the allegations contained in Paragraph 6 of the Petition for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

7.

Hanover denies the allegations contained in Paragraph 7 of the Petition for lack of

sufficient information to justify a belief as to the truth of the matters asserted therein.

8.

Hanover denies the allegations contained in Paragraph 8 of the Petition for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

9.

Hanover denies the allegations contained in Paragraph 9 of the Petition for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

10.

In response to the allegations in Paragraph 10 of the Petition, Hanover admits that Mediterranean informed Hanover of a potential claim in 2006. All other allegations contained in Paragraph 10 are denied.

11.

In response to the allegations in Paragraph 11 of the Petition, Hanover admits that it sent correspondence dated October 27, 2007 to Mediterranean. Said written document is the best evidence of its contents. All other allegations contained in Paragraph 11 are denied.

12.

In response to the allegations in Paragraph 12 of the Petition, Hanover admits that The New Hotel Monteleone ("Monteleone") filed its Petition For Damages naming Mediterranean and Quality Environmental Contractors, Inc. ("Quality") as defendants. To the extent the allegations refer to the Petition For Damages filed by the Monteleone, same is the best evidence of its contents. Hanover denies the remainder of the allegations in Paragraph 12 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

13.

In response to the allegations in Paragraph 13 of the Petition, to the extent the allegations refer to the Petition filed by the Monteleone, same is the best evidence of its contents. To the extent Mediterranean's Petition refers to the truth of the matters set forth in Monteleone's Petition for Damages, Hanover denies the allegations contained therein for lack of sufficient information to justify a belief therein.

14.

In response to the allegations in Paragraph 14 of the Petition, to the extent the allegations refer to the Petition For Damages filed by the Monteleone, same is the best evidence of its contents. To the extent Mediterranean's Petition refers to the truth of the matters set forth in Monteleone's Petition for Damages, Hanover denies the allegations contained therein for lack of sufficient information to justify a belief therein.

15.

In response to the allegations in Paragraph 15 of the Petition, to the extent the allegations refer to the Petition For Damages filed by the Monteleone, same is the best evidence of its contents. To the extent Mediterranean's Petition refers to the truth of the matters set forth in Monteleone's Petition for Damages, Hanover denies the allegations contained therein for lack of sufficient information to justify a belief therein.

16.

In response to the allegations in Paragraph 16 of the Petition, Hanover admits that Quality filed an Answer and Cross Claim against Mediterranean. To the extent the allegations refer to the Answer and Cross Claim filed by Quality, same is the best evidence of its contents.

Hanover denies the remainder of the allegations in Paragraph 16 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

17.

In response to the allegations in Paragraph 17 of the Petition, Hanover admits that Quality filed an Answer and Cross Claim against Mediterranean. To the extent the allegations refer to the Answer and Cross Claim filed by Quality, same is the best evidence of its contents. Hanover denies the remainder of the allegations in Paragraph 17 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

18.

The Petition does not contain a Paragraph 18, and therefore this paragraph requires no answer from Hanover.

19.

In response to the allegations in Paragraph 19 of the Petition, to the extent the allegations refer to the Answer and Cross Claim filed by Quality, same is the best evidence of its contents. Hanover denies the remainder of the allegations in Paragraph 19 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

20.

In response to the allegations in Paragraph 20 of the Petition, Hanover admits that Quality filed an Answer and Cross claim against Mediterranean. To the extent the allegations refer to the Answer and Cross Claim filed by Quality, same is the best evidence of its contents. Hanover denies the remainder of the allegations in Paragraph 20 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

21.

In response to the allegations in Paragraph 21 of the Petition, Hanover admits that Mediterranean notified Hanover of the service of the Monteleone's Petition for Damages and Quality's Answer and Cross-Claim.  Hanover denies the remainder of the allegations in Paragraph 21 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

22.

In response to the allegations in Paragraph 22 of the Petition, no response from Hanover is required as the allegations contained therein call for a legal conclusion and are not a factual averment.  To the extent a response is required, the allegations of Paragraph 22 of the Petition are denied for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

23.

In response to the allegations in Paragraph 23 of the Petition, Hanover admits that Mediterranean requested that Hanover provide defense and indemnity.  Hanover denies the remainder of the allegations in Paragraph 23.

24.

In response to the allegations in Paragraph 24 of the Petition, Hanover admits that its Policy does not provide coverage, including any obligation to provide defense or indemnity, for the claims set forth in Monteleone's Petition for Damages and Quality's Answer and Cross Claim.  Hanover further responds that the Policy is subject to the terms, conditions, limitations, and exclusions contained therein, all of which are incorporated herein by reference.  Hanover avers the Policy is a written document and is the best evidence of its contents, and any

allegations which tend to expand, modify, or vary the terms and conditions of the Policy are expressly denied. Except as otherwise expressly admitted herein, all other allegations set forth in Paragraph 24 are denied as written.

25.

In response to the allegations in Paragraph 25 of the Petition, Hanover admits that its Policy does not provide coverage, including any obligation to provide defense or indemnity, for the claims set forth in Monteleone's Petition for Damages and Quality's Answer and Cross Claim. Hanover further responds that Policy is subject to the terms, conditions, limitations, and exclusions contained therein, all of which are incorporated herein by reference. Hanover avers the Policy is a written document and is the best evidence of its contents, and any allegations which tend to expand, modify, or vary the terms and conditions of the Policy are expressly denied. Except as otherwise expressly admitted herein, all other allegations set forth in Paragraph 24 are denied as written.

26.

In response to the allegations in Paragraph 26 of the Petition, no response from Hanover is required as the allegations contained therein call for a legal conclusion and are not a factual averment. To the extent a response is required, the allegations of Paragraph 26 of the Petition are denied.

27.

In response to the allegations in Paragraph 27 of the Petition, no response from Hanover is required as the allegations contained therein call for a legal conclusion and are not a factual averment. To the extent a response is required, the allegations of Paragraph 26 of the Petition are denied.

7

28.

In response to the allegations in Paragraph 28 of the Petition, no response from Hanover is required as the allegations contained therein call for a legal conclusion and are not a factual averment. To the extent a response is required, the allegations of Paragraph 26 of the Petition are denied.

29.

The final paragraph of the Petition contains no factual allegations against Hanover but only a prayer for relief. Consequently, this paragraph requires no response from Hanover. To the extent a response from Hanover may be deemed necessary, Hanover denies the allegations in the final paragraph of the Petition and expressly denies that Hanover is liable to Plaintiff. Hanover further denies that Plaintiff is entitled to any of the relief sought therein.

**AND NOW**, further answering the Petition for Declaratory Judgment, Hanover hereby sets forth its separate and distinct defenses to Plaintiff's' Petition. Hanover sets forth the following matter to apprise Plaintiff of certain potentially applicable defenses. By listing any matter as an affirmative defense, Hanover does not assume the burden of proving any matter upon which Plaintiffs bear the burden of proof under applicable law.

### FIRST DEFENSE

The Petition fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Coverage is precluded, in whole or in part, to the extent the claimed losses fall outside the insuring language of the Policy.

### THIRD DEFENSE

To the extent that Hanover has any liability under the Policy, such liability is subject to

the limitations of liability, aggregates, deductibles, and/or retrospective premiums contained in the Policy.

## FOURTH DEFENSE

No coverage exists to the extent the claimed losses exceed any applicable limit of insurance or time limit specified in the Policy.

## FIFTH DEFENSE

The claims asserted by Mediterranean in the Petition are barred, either in whole or in part, by the terms, exclusions, conditions and/or limitations contained in the Policy.

## SIXTH DEFENSE

Coverage is precluded, in whole or in part, by the following language in the Policy, or language functionally similar thereto:

2. **Exclusions**
This insurance does not apply to:

   a. **Expected or Intended**
   "Bodily injury or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect person or property.

## SEVENTH DEFENSE

Coverage is precluded, in whole or in part, by the following language in the Policy, or language functionally similar thereto:

2. **Exclusions**
This insurance does not apply to:

   b. **Contractual Liability**
   "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of

liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement.

(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement...

## EIGHTH DEFENSE

Coverage is precluded, in whole or in part, by the following language in the Policy, or language functionally similar thereto:

**2. Exclusion**
This insurance does not apply to:

*     *     *

**j.     Damage to Property**

"Property damage" to:

(5)     That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6)     That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

## NINTH DEFENSE

Coverage is precluded, in whole or in part, by the following language in the Policy, or language functionally similar thereto:

> **2. Exclusion**
> This insurance does not apply to:
>
> *   *   *
>
> **k.    Damage to Your Product**
>
> > "property damage" to "your product" arising out of it or any part of it.

## TENTH DEFENSE

Coverage is precluded, in whole or in part, by the following language in the Policy, or language functionally similar thereto:

> **2. Exclusion**
> This insurance does not apply to:
>
> *   *   *
>
> **l.    Damage To Your Work**
>
> > "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".
> >
> > This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

## ELEVENTH DEFENSE

Coverage is precluded, in whole or in part, by the following provision in the Policy, or language functionally similar thereto:

> **2. Exclusion**
> This insurance does not apply to:

11

\* \* \*

**m.** **Damage to Impaired Property or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work";

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

## TWELFTH DEFENSE

Coverage is precluded, in whole or in part, by the following language in the Policy, or language functionally similar thereto, except as may be provided in the Policy:

**2. Exclusion**
This insurance does not apply to:

\* \* \*

**n.** **Recall of Products, Work or Impaired Property**
Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

**(1)** "Your product";
**(2)** "Your work"; or
**(3)** "Impaired property;

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

## THIRTEENTH DEFENSE

Hanover has no duty to perform under the Policy, in whole or in part, unless and until all terms, provisions, and conditions, including conditions precedent or subsequent, of the Policy have been satisfied. The Policy's conditions include, but are not limited to, those detailed in the provisions entitled "Concealment or Fraud," "No Benefit to Bailee," "Other Insurance," "Policy Period," "Suit Against Us," "Your Duties After Loss," and "Loss Payment." To the extent Plaintiff has not satisfied and/or has violated any conditions precedent or subsequent identified in the Policy, including those mentioned herein, Hanover has no liability under the Policy.

## FOURTEENTH DEFENSE

No coverage exists under the Policy, in whole or in part, to the extent the following condition in the Policy, or a condition functionally similar thereto, applies:

> 7.   **Other Insurance.** If a loss covered by this policy is also covered by other insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance covering the loss.

## FIFTEENTH DEFENSE

Mediterranean's Petition is barred, in whole or in part, to the extent the following condition in the Policy, or a condition functionally similar thereto, has been violated and/or not satisfied:

> 8.   **Suit Against Us.** No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss.

## SIXTEENTH DEFENSE

The Policy does not provide coverage for property damage resulting from (1) known risks of which the insured possessed knowledge and information at the time the Policies became

effective, or (2) losses in progress at the time the Policy became effective.

### SEVENTEENTH DEFENSE

Mediterranean's claims are barred, in whole or in part, because Hanover at all times acted reasonably and in good faith in connection with Mediterranean's insurance claim.

### EIGHTEENTH DEFENSE

No coverage exists under the Policy's provisions to the extent the claimed losses were incurred outside of the applicable covered time period provided under the Policy.

### NINETEENTH DEFENSE

Any liability that Hanover may have is subject to the Limits of Liability set forth in the Policy.

### TWENTIETH DEFENSE

Coverage is precluded, in whole or in part, to the extent the claims have prescribed.

### TWENTY-FIRST DEFENSE

The claims asserted by Mediterranean in the Petition are barred are barred, either in whole or in part, to the extent any of the loss or damage alleged in the underlying action(s) or the Petition does not constitute "bodily injury" or "property damage" within the meaning of the Policies.

### TWENTY-SECOND DEFENSE

The claims asserted by Mediterranean in the Petition are barred, either in whole or in part, to the extent any of the loss or damage alleged in the underlying action(s) or the Petition does not constitute "bodily injury" or "property damage" caused by an "occurrence" within the meaning of the Policy.

14

## TWENTY-THIRD DEFENSE

Coverage is precluded, in whole or in part, to the extent that any alleged "bodily injury" or "property damage" caused by an "occurrence" takes place outside the "coverage territory."

## TWENTY-FOURTH DEFENSE

No coverage exists under the Policy's provisions to the extent that prior to the applicable policy period the "Insured" or an "employee" knew that any alleged "bodily injury" or "property damage" had occurred, in whole or in part.

## TWENTY-FIFTH DEFENSE

No coverage exists under the Policy's provisions to the extent that the claims brought by Mediterranean, Monteleone and/or Quality are barred, either in whole or in part, by latches, contractual limitation and/or any statute of limitations, prescription or peremption.

## TWENTY-SIXTH DEFENSE

The claims asserted by Mediterranean in the Petition are barred, either in whole or in part, to the extent that any of the loss or damage alleged by Monteleone and/or Quality does not constitute a sum that Mediterranean is legally obligated to pay as damages arising out of property damage during the Policy's coverage period.

## TWENTY-SEVENTH DEFENSE

The claims asserted by Mediterranean in the Petition are barred, in whole or in part, to the extent any of the loss or damage alleged by Monteleone and/or Quality was either expected or intended, either in whole or in part, or arose from non-fortuitous events.

### TWENTY-EIGHTH DEFENSE

The claims asserted by Mediterranean in the Petition are barred, either in whole or in part, to the extent any of the loss or damage alleged in the underlying actions or Petition occurred prior to the commencement of the Policy's coverage period or after the expiration of the Policy's coverage period.

### TWENTY-NINTH DEFENSE

The claims asserted by Mediterranean in the Petition are barred, in whole or in part, to the extent it is discovered that the insured negligently or intentionally concealed, misrepresented or failed to disclose the nature of its operations or other facts material to the risks undertaken by Hanover.

### THIRTIETH DEFENSE

The claims asserted by Mediterranean in the Petition are barred, in whole or in part, to the extent the insured had notice of the claims, conditions, events or damages of the loss alleged in the underlying action(s) or the Petition and failed to give timely notice and/or forward every demand, notice, summons or other process to Hanover in accordance with the Policy and/or other applicable laws or regulations.

### THIRTY-FIRST DEFENSE

The claims asserted by Mediterranean in the Petition are barred, in whole or in part, to the extent the claims asserted in the underlying action(s) and/or the Petition are barred pursuant to La. R. S. 9:2771.

### THIRTY-SECOND DEFENSE

The claims asserted by Mediterranean in the Petition are barred to the extent

16

Mediterranean has failed to perform all of its obligations and/or comply with all of the conditions under the Policy.

### THIRTY-THIRD DEFENSE

The claims asserted by Mediterranean in the Petition are barred, in whole or in part, to the extent the Policy does not provide coverage for liability of any individual or organization other than those declared or described as a "named insured" or "insured" in the Policy.

### THIRTY-FOURTH DEFENSE

The claims asserted by Mediterranean in the Petition are barred, in whole or in part, to the extent that the Policy or any rights there under have been assigned in contravention of the Policy's terms and conditions.

### THIRTY-FIFTH DEFENSE

The claims asserted by Mediterranean in the Petition are barred, either in whole or in part, to the extent that the claims are for equitable relief and/or are founded on equitable remedies.

### THIRTY-SIXTH DEFENSE

The claims asserted by Mediterranean in the Petition are barred, either in whole or in part, to the extent that Mediterranean has compromised or paid any claim or assumed any obligation without first notifying Hanover and obtaining its consent.

### THIRTY-SEVENTH DEFENSE

The claims and causes of action asserted by Mediterranean in the Petition are barred by the doctrines of waiver and estoppel.

## THIRTY-EIGHTH DEFENSE

Mediterranean has failed to provide sufficient specificity in the allegations of the underlying claims to permit a full response thereto, and Hanover accordingly reserves its right to raise any and all defenses under the Policy or applicable law until the precise nature of the claims are ascertained through discovery or through amendments to pleadings.

## THIRTY-NINTH DEFENSE

To the extent that Mediterranean seeks a determination of indemnity under the Policy, a predicate to any such cover is a finding of Mediterranean's liability pursuant to Monteleone's Petition for Damages and Quality's Answer and Cross-Claim. To that end, the claims asserted by Mediterranean in the Petition are barred, either in whole or in part, to the extent that the loss and/or damages alleged were caused by the negligence, strict liability, or fault of persons for which Hanover and/or Mediterranean are not directly or vicariously liable.

## FORTIETH DEFENSE

To the extent that Mediterranean seeks a determination of indemnity under the Policy, a predicate to any such cover is a finding of Mediterranean's liability pursuant to Monteleone's Petition for Damages and Quality's Answer and Cross-Claim. To that end, the claims asserted by Mediterranean in the Petition are barred, either in whole or in part, to the extent that the loss and/or damages alleged were caused by the contributing and/or comparative fault or negligence of Monteleone and/or Quality.

## FORTY-FIRST DEFENSE

To the extent that Mediterranean seeks a determination of indemnity under the Policy, a predicate to any such cover is a finding of Mediterranean's liability pursuant to Monteleone's

Petition for Damages and Quality's Answer and Cross-Claim. To that end, the claims asserted by Mediterranean in the Petition are barred, either in whole or in part, to the extent that the damages alleged were not proximately caused by Mediterranean.

## FORTY-SECOND DEFENSE

To the extent that Mediterranean seeks a determination of indemnity under the Policy, a predicate to any such cover is a finding of Mediterranean's liability pursuant to Monteleone's Petition for Damages and Quality's Answer and Cross-Claim. To that end, the claims asserted by Mediterranean in the Petition are barred, either in whole or in part, to the extent that the acts or omissions of others, including Monteleone and/or Quality, were new, superseding, intervening and/or independent causes of any of damages sustained by Monteleone and/or Quality.

## FORTY-THIRD DEFENSE

To the extent that Mediterranean seeks a determination of indemnity under the Policy, a predicate to any such cover is a finding of Mediterranean's liability pursuant to Monteleone's Petition for Damages and Quality's Answer and Cross-Claim. To that end, the claims asserted by Mediterranean in the Petition are barred, either in whole or in part, to the extent that the loss and/or damages alleged by Monteleone were caused either in whole or in part by the culpable conduct of Monteleone and/or Quality; in such case, the amount of damages otherwise recoverable by Monteleone and/or Quality should be extinguished or reduced in the proportion which the culpable conduct attributable to Monteleone and/or Quality bear(s) to the culpable conduct which caused the damages.

## FORTY-FOURTH DEFENSE

To the extent that Mediterranean seeks a determination of indemnity under the Policy, a

predicate to any such cover is a finding of Mediterranean's liability pursuant to Monteleone's Petition for Damages and Quality's Answer and Cross-Claim. To that end, the claims asserted by Mediterranean in the Petition are barred, either in whole or in part, to the extent that Monteleone and/or Quality assumed the risk of the damages claimed.

### FORTY-FIFTH DEFENSE

To the extent that Mediterranean seeks a determination of indemnity under the Policy, a predicate to any such cover is a finding of Mediterranean's liability pursuant to Monteleone's Petition for Damages and Quality's Answer and Cross-Claim. To that end, the claims asserted by Mediterranean in the Petition are barred, either in whole or in part, to the extent that any of the loss and/or damage alleged were caused by pre-existing conditions over which Hanover and Mediterranean had no control and for which Hanover and Mediterranean are not responsible and may not be held liable.

### FORTY-SIXTH DEFENSE

To the extent that Mediterranean seeks a determination of indemnity under the Policy, a predicate to any such cover is a finding of Mediterranean's liability pursuant to Monteleone's Petition for Damages and Quality's Answer and Cross-Claim. To that end, the claims asserted by Mediterranean in the Petition are barred, either in whole or in part, to the extent that Monteleone and/or Quality have failed to mitigate, minimize, avoid, or abate any damages allegedly sustained, and any recovery against Hanover must be reduced by that amount.

### FORTY-SEVENTH DEFENSE

To the extent that Mediterranean seeks a determination of indemnity under the Policy, a predicate to any such cover is a finding of Mediterranean's liability pursuant to Monteleone's

Petition for Damages and Quality's Answer and Cross-Claim.  To that end, Hanover adopts all defenses that have been asserted by any defendants in the underlying action(s), but only to the extent such defenses are not inconsistent with the foregoing defenses asserted herein by Hanover.

## FORTY-EIGHTH DEFENSE

Hanover reserves the right to amend this answer to assert any additional defenses or any other applicable terms, provisions, exclusions, limitations, or conditions of the Policy that may become apparent during Hanover's ongoing investigation and discovery.

**WHEREFORE,** Hanover Insurance Company respectfully requests that this responsive pleading be deemed good and sufficient, and that after all due delays and proceedings are had, that this Court dismiss with prejudice all claims by Plaintiff against The Hanover Insurance Company at Plaintiff's costs and grant all other general and equitable relief to which Hanover Insurance Company may be entitled.

Respectfully Submitted:


_____*/s/ Rachel A. Meese*_____

Kristopher T. Wilson, T.A., La. Bar No. 23978
Rachel A. Meese, La. Bar No. 25457
Halima N. Smith, La. Bar No. 28233
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone:  (504) 568-1990
Attorneys for The Hanover Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2009, a copy of the foregoing ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT was filed electronically with the clerk of court using the CM/ECF system.  Notice of this filing will be sent to other counsel by operation of the court's electronic filing system.

/s/ Rachel A. Meese
RACHEL A. MEESE